# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

**Debtor:** PHOENIX HELIPARTS INC.
**Case Number:** 2:15-BK-12003-DPC  **Chapter:** 11
**Date / Time / Room:** MONDAY, OCTOBER 19, 2015 10:00 AM  6TH FLOOR #603
**Bankruptcy Judge:** DANIEL P. COLLINS
**Courtroom Clerk:**
**Reporter / ECR:** N/A

### Matter:

EXPEDITED HEARING ON ACCELERATED NOTICE REGARDING: EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE
**R / M #:** 53 / 0

### Appearances:

NONE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:15-BK-12003-DPC        MONDAY, OCTOBER 19, 2015 10:00 AM

## *Proceedings:*

Following her very detailed and well-written 61 page Under Advisement Ruling of January 30, 2015, the Honorable Sally Schneider Duncan entered judgment (the "Judgment") in the Arizona Superior Court, Maricopa County against Heliparts, Inc. ("Debtor") and in favor of TKC Aerospace, Inc. ("TKCA") for $26,051,844.21 at *CV2011-018889*. Debtor appealed that Judgment but when Judge Duncan set the Debtor's supersedeas bond at $6,765,260.89 on September 8, 2015, Debtor filed this bankruptcy on September 18, 2015. TKCA filed an emergency motion ("Trustee Motion") seeking the appointment of a chapter 11 trustee under 11 U.S.C. §1104(a)(1). (Admin. Dkt 50). The Court considered TKCA's motion and heard opposition by Debtor. The Court also entertained arguments by counsel for the US Trustee, and major creditors JPMorgan Chase Bank, The Boeing Company, Precision Aviation, and Ro-Wing Aviation. On October 13, 2015 the Court took this matter under advisement. The Court now makes the following findings of fact and conclusions of law.

1) The Court is bound by principals of issue preclusion to honor the factual finding of Judge Duncan in her Under Advisement Ruling (Exhibit A to the Trustee Motion) and her ruling on the supersedeas bond (Exhibit D to the Trustee Motion). These rulings are incorporated herein by this reference; and
2) Judge Duncan's findings fall squarely within a mandated finding of "cause" to appoint a chapter 11 trustee under 11 U.S.C. §1104(a)(1).

Debtor argues no cause exists to warrant the appointment of a trustee under §§1112(b)(1) or 1104(a)(1). Further, the Debtor contends the adverse rulings from Superior Court are on appeal, and do not alone provide the evidence necessary for this Court to determine cause exists to appoint a trustee. Debtor also argues that appointment of a chapter 11 Trustee could interfere with or destroy important contractual relationships that Debtor holds. Finally, Debtor points out that it has been compliant with requests and cooperative with all involved parties since the filing of this bankruptcy.

TKCA argues the Court has no choice but to appoint a chapter 11 trustee under §1104(a)(1) claiming that, under principles of issue preclusion, claim preclusion and the Rooker-Feldman Doctrine, this Court is bound to adhere to the factual findings made by Judge Duncan. TKCA contends the factual findings in Judge Duncan's rulings constitute cause for the appointment of a

chapter 11 trustee. TKCA also argues that, where a Court finds cause exists under §1104(a)(1), the Court has no discretion and must appoint a trustee

Principles of issue preclusion bar a court from re-litigating issues of fact which (1) are identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties were the same or in privity. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001), *see also* In re Lopez, 367 B.R. 99, 104 (B.A.P. 9th Cir. 2007), In re Correia-Sasser, No. 2:10-BK-17877-RJH, 2011 WL 3515473, at *4 (Bankr. D. Ariz. Aug. 10, 2011). Additionally, the pendency of an appeal does not affect the finality of judgment for purposes of issue preclusion. Id at *7. See also Christopher Klein and Lawrence Ponoroff, *Principles of Preclusion and Estoppel in Bankruptcy Cases*, 79 Am. Bankr.L.J. 839, 843 (2005).

Cause for the appointment of a chapter 11 trustee includes a debtor's ". . . fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case . . ." §1104(a). Where a court finds any of the elements of "cause" described in §1104(a)(1), the court has no discretion, and is required to appoint a chapter 11 trustee. In re G-I Holdings, Inc., 385 F.3d 313, 318 (3d Cir. 2004) ("If a court finds that the moving party has discharged this burden, it 'shall' appoint a trustee, 11 U.S.C. § 1104(a), but determining whether the moving party has satisfied its burden under either subsection is committed to the court's discretion."); Tradex Corp. v. Morse, 339 B.R. 823, 826 (D. Mass. 2006) ("Once the party seeking a trustee meets its burden, the court is seemingly required to-in the words of the statute, it "shall", 11 U.S.C. § 1104(a)-appoint a trustee."); In re V. Savino Oil & Heating, Inc., 99 B.R. 518, 525 (Bankr.E.D.N.Y.1989) (explaining that while §1104(a)(2) may permit discretionary powers to appoint a trustee, §1104(a)(1) is mandatory). 1

---

1. Boeing and the Debtor suggest that the interests of creditors will not be best served if a trustee is appointed in this case. While the Court is troubled by this possibility and is tempted to set an evidentiary hearing to determine whether appointment of a trustee will truly serve the interests of the estate's pre-petition creditors and potential post-petition claimants, the Court finds the language of §1104(a)(1) is unambiguous and mandates the appointment of a trustee when cause is properly found to exist under this section of the Bankruptcy Code. This mandate is highlighted by Judge Feller when he noted that Congress rejected a House Committee proposal to make the appointment of a trustee discretionary after the court performed a cost-benefit analysis. In re V. Savino Oil & Heating Co., Inc., 99 B.R. at 528. While a cost-benefit analysis is not appropriate under §1104(a)(1), such an analysis appears contemplated under §1104(a)(2). See In re SunCruz Casinos, LLC, 298 B.R. 821 (Bankr. S.D. Fla. 2003). See also In re V. Savino Oil & Heating Co., Inc. at 525.

Page 3 of 6

Case 2:15-bk-12003-DPC    Doc 97    Filed 10/19/15    Entered 10/19/15 09:48:14    Desc
Main Document    Page 3 of 6                                                10/19/2015    9:43:42AM

The Court focuses on certain examples of "cause" from the Superior Court's ruling which satisfy TKCA's burden. Specifically, Judge Duncan states, ". . . Plaintiff has met its burden of proving by clear and convincing evidence that Defendant has been and is intentionally dissipating its assets outside the ordinary course of business to avoid payment of the judgment." (Admin. Dkt 50, Exhibit D page 7). Further, the Superior Court found that "[b]ased on the history of the case, specifically Defendant's obstructionist practices and deceptive course of conduct, the Court appreciates Plaintiff's request that the bond be set in full amount of the judgment." *Id.* Debtor's intentional dissipation of assets is an example of gross mismanagement under 11 USC §1104(a)(1), and Debtor's "obstructionist practices and deceptive course of conduct," constitute dishonesty within the meaning of §1104(a)(1).

The Court is precluded from re-litigating claims of the Debtor's gross mismanagement or dishonesty under §1104 because the *Harmon* factors for issue preclusion are satisfied. Harmon 250 F.3d at 1245. Fact issues concerning Debtor's dishonesty or gross mismanagement are (1) identical to facts that were determined in the Superior Court proceeding, (2) actually decided by Judge Duncan's rulings, (3) necessary to Judge Duncan's rulings, (4) a final judgment was entered on the merits, and (5) the parties, Debtor and TKCA, were each parties to the Superior Court action. *Id.* The pendency of the appeal does not affect the preclusive effect of Judge Duncan's rulings. While Judge Duncan did not use the words "dishonesty" or "gross mismanagement" in her rulings, her findings clearly reveal that she found Debtor's destruction and fabrication of evidence to establish Debtor's material dishonesty. For example, she held "… this Court finds the GAL proposal to be a fraud…" (See her Under Advisement Ruling, footnote 3). She also found the Debtor intentionally misappropriated TKCA's trade secrets and then sought to destroy the evidence of this misconduct. See Under Advisement Ruling, page 13. Accurate, complete and honest financial reporting and record keeping are essential to a chapter 11 debtor's successful reorganization. Debtor's proven dishonesty in connection with destruction of important evidence constitutes cause to appoint a trustee under §1104(a)(1). Further, Judge Duncan's finding that Debtor dissipated its assets in an effort to defeat TKCA's ability to collect on the Judgment is tantamount to a finding of Debtor's gross mismanagement. As a fiduciary, it is crucial that a debtor-in-possession safeguard the estate's assets and maximize the value of

Page 4 of 6

Case 2:15-bk-12003-DPC    Doc 97    Filed 10/19/15    Entered 10/19/15 09:48:14    Desc
Main Document    Page 4 of 6                                    10/19/2015    9:43:42AM

those assets for the benefit of creditors. Where, as here, the Debtor has been adjudicated to have dissipated its assets to evade its largest creditor, such dissipation is not just gross but intentional mismanagement of those assets.

This Court need not decide whether "cause" must be proven by a preponderance of the evidence or by clear and convincing evidence as Judge Duncan found clear and convincing evidence that Debtor dissipated its assets. Judge Duncan's factual findings relative to Debtor's prepetition acts are sufficient for a finding of "cause" under §1104(a)(1).

THE COURT HEREBY FINDS that TKCA has carried its burden to demonstrate that "cause" exists for the appointment of a chapter 11 trustee under 11 USC §1104(a)(1). Where such cause exists, the Court does not have discretion but must appoint a chapter 11 trustee.

IT IS HEREBY ORDERED THAT the U.S. Trustee is directed to promptly appoint a chapter 11 trustee in this case.

Electronic Notice give thru the BNC to:

MICHAEL W. CARMEL, LTD.
80 E. COLUMBUS AVE
PHOENIX, AZ 85012-4965

**TKC AEROSPACE, INC.**
C/O STEVEN BERGER, ESQ.
ENGELMAN BERGER PC
3636 N CENTRAL AVE
#700
PHOENIX, AZ 85012
**JENNIFER A. GIAIMO**
OFFICE OF THE U.S. TRUSTEE
230 N. FIRST AVE., #204
PHOENIX, AZ 85003-1706
**SCOTT B. COHEN**
ENGELMAN BERGER, P.C.
3636 N. CENTRAL AVENUE
SUITE 700
PHOENIX, AZ 85012
**PRECISION AVIATION GROUP, INC.**
C/O POLSINELLI PC

Page 5 of 6

Case 2:15-bk-12003-DPC    Doc 97    Filed 10/19/15    Entered 10/19/15 09:48:14    Desc
Main Document    Page 5 of 6                                                10/19/2015  9:43:42AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 2:15-BK-12003-DPC    MONDAY, OCTOBER 19, 2015 10:00 AM

ATTN: WESLEY D. RAY
1 E. WASHINGTON, SUITE 1200
PHOENIX, AZ 85004

**The Boeing Company**
c/o Warren J. Stapleton
Osborn Maledon PA
2929 N Central Ave Ste 2100
Phoenix, AZ 85012