**GOLDSTEIN, HORNER & HORNER, ATTORNEYS PLLC**
H. Lee Horner Jr.   ASB #022791
5800 Arizona Pavilions Drive #2665
CORTARO, AZ 85652
520-979-5176
FAX 520-744-5073

Attorneys for Robert and Kathleen Reish
and Ryuko, Inc.

steinway@azbar.org

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In Re:

Phoenix Heliparts Inc.,　　　　　　Case No.2:15-bk-12003-DPC
　　　　　　　　　　　　　　　　　　Chapter 11 Proceedings
　　　DEBTOR
_____|

**CLAIMANTS' RESPONSE TO TRUSTEE'S CLAIM OBJECTION [DKT. 342]**

　　　Claimants Robert and Kathleen Reish and Ryuko, Inc., which have filed claims in this case docketed as claims 35 through and including 39, respond to the trustee's omnibus objection to these claims that it is procedurally deficient and should be disregarded for all purposes for want of specificity justifying the relief requested.

**MEMORANDUM OF POINTS & AUTHORITIES**

　　The trustee's objection to the within claims, actually a motion for claim disallowance, provides no hint as to the basis for disallowance of the claims in play and is procedurally deficient as follows:

　　a. The claims are deemed allowed and thus presumed to be valid until this presumption is overcome by admissible evidence;
***11 U.S.C. 502(a);***

　　b. Motions must state with particularity the grounds for seeking the order requested, in this case, claim disallowance.
***F.R.Civ.P. 7(b)(1)(B); F.R.Bk.P. 7007, 9013;***

1

    c. Omnibus claim objections, like other motions in contested proceedings must, *inter alia,* state the grounds for objection to each claim. **Id. and Bankruptcy Rule 3007(e)(3)** and

    d. **LR 3007-1(a)** requires notice of an opportunity for hearing on objections not asserted as part of an adversary proceeding (as here) and the requirement for a response within 14 days from service of the objection. No notice of this nature was filed or served.

Claim disallowance would preclude the claimants from voting for or against plan confirmation, for example, voting being a statutory right they have unless and until the claims are disallowed.

No basis for claim disallowance is presented. While it is agreed that discovery is underway and has not yet concluded as to these claims, there is no justification in entry of an order at this time disallowing them "just because" which is what the trustee asks the court to do.

The trustee's request that the court disallow the claims without any evidence justifying disallowance until "the outcome of discovery and the 2004 examination of Mr. Reish…" is without legal justification for want of specific facts justifying disallowance, claim by claim.

For the reasons shown, it is respectfully requested that the court overrule the trustee's objection filed March 24, 2016 [dkt. 342] to claims 35 through 39 inclusive, without prejudice to a renewal of the motion if and when justified by admissible evidence.

Respectfully submitted April 1, 2016,

**GOLDSTEIN, HORNER & HORNER, ATTORNEYS PLLC**

s/H. Lee Horner Jr.  022791

_____
H. Lee Horner Jr.
Counsel for the Reish family and Ryuko, Inc.

Copy served electronically on Apr 1, 2016
on all interested parties by CM/ECF          s/K. Siegman
_____
                      K. Siegman, declarant for service only