James E. Cross, Bar No. 009063
**CROSS LAW FIRM, P.L.C.**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Office: (602) 412-4422
Fax: (602) 252-4712
Email: jcross@crosslawaz.com

Counsel for Louie Mukai, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PHOENIX HELIPARTS, INC.,<br><br>    Debtor.<br><br>Now Substantively Consolidated with<br>PHOENIX HELI-SUPPORT, L.L.C. | Chapter 11 Proceedings<br><br>Case No. 2:15-bk-12003-DPC<br><br>**ORDER:**<br><br>**(1) APPROVING PURCHASE AGREEMENT,**<br><br>**(2) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §363, AND**<br><br>**(3) GRANTING RELATED RELIEF** |

      This matter came before the Court on the "Chapter 11 Trustee's Emergency Motion to Set Accelerated Hearing for Conducting Auction Sale and for Related Relief" (Dkt. 312) brought by Louie Mukai, the Chapter 11 trustee ("Trustee"), in the above captioned Chapter 11 case, which revises and supplements the Trustee's original "Chapter 11 Trustee's Emergency Motion for Approval of Sale Procedures; Motion for Approval of Sale of Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. Section 363 with Claims to Attach to Sale Proceeds; and Motion for Assumption and Assignment of Commercial Real Property Lease" filed at Dkt. 215 (collectively "Sale Motion" or "Motion").

      The Trustee seeks entry of an order (the "Order") (i) approving the terms for the sale of substantially all of the assets (the "Assets") of the now substantively consolidated estate of Phoenix

Heliparts, Inc. and Phoenix Heli-Support, L.L.C. (collectively the "Debtor"), the terms of which were attached as Exhibit "A" to the Motion and subsequently amended and superseded by the First Amendment (filed at Dkt. 319) and the Second Amendment (filed at Dkt. #348) and as finally expressed in the final Asset Purchase Agreement attached hereto as Exhibit 1, (the "Agreement") between the Trustee and TKC Aerospace, Inc. or assignee (the "Buyer"); (ii) authorizing the sale of the Assets (the "Sale") free and clear of all liens, claims, encumbrances and other interests; (iii) authorizing the assumption and assignment of executory contracts (the "Assigned Contracts") and unexpired leases (the "Assigned Leases") to the Buyer; and (iv) granting certain related relief, all as more fully set forth in the Motion. This Court previously entered an order (i) approving procedures, (ii) scheduling (a) a deadline to submit bids for the Assets, (b) the date and time of the sale hearing, and (iii) approving the form and manner of notice of the deadline to submit bids for the Assets, the Auction and the sale hearing; and (iv) granting certain related relief (Dkt. 315).

The sale hearing commenced on March 24, 2016 at 2:00 p.m. (Pacific Standard Time) and recommenced on March 30, 2016 at 10:00 a.m. (the "Sale Hearing"), and this Court having reviewed the Motion and declarations filed in connection therewith, and having heard the statements and arguments in support of the relief requested therein; and after considering all objections and responses filed in connection with the Motion, and all arguments of counsel and certain parties in open court, and this Court having determined that the legal and factual bases set forth in the record establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient and good cause appearing therefor,

THE COURT HEREBY FINDS THAT:

**I.      JURISDICTION, IMMEDIATE IMPLEMENTATION, AND STATUTORY BASES**

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory bases for the relief requested in the Motion are § 105(a), 363(b), (f) and (m), and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, Rules 2002(a)(2), 6004(a), (b), (c), (e),

(f) and (h), 6006(a), (c) and (d), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 6004-1 and 9018-1 of the Local Rules of Bankruptcy Procedure for the District of Arizona.

C. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

D. Immediate implementation of this Order is appropriate under the circumstances and in the best interests of the Trustee and the bankruptcy estate.

**II. NOTICE OF THE SALE AND AUCTION**

A. Actual written notice of the Motion and the relief requested therein has been afforded to all known creditors and interested parties.

B. As evidenced by the affidavit of mailing filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Sale, and the transactions contemplated thereby has been provided in accordance with Bankruptcy Code §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, or the Sale is or shall be required.

C. The Trustee's efforts to market the sale and solicit offers for the assets were satisfactory under the facts and circumstances of this case.

D. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion.

**III. GOOD FAITH BUYER**

A. The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101(31).

B. The Agreement was negotiated, proposed, and entered into by the Trustee and the Buyer without collusion, in good faith, and from arm's-length bargaining positions.

C. There is no known or apparent conduct by the Trustee or the Buyer that would cause or permit the Agreement to be avoided under Bankruptcy Code § 363(n). Specifically, there is no known or apparent collusion by Buyer with any person.

D. The Buyer is purchasing the Assets in accordance with the Agreement, is a good faith buyer within the meaning of Bankruptcy Code § 363(m), and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Trustee in that, among other things: (i) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Assets; (ii) the Buyer is a creditor of the estate by virtue of a pre-filing judgment against the Debtor; and (iii) all payments to be made by the Buyer in connection with the Sale have been disclosed.

## IV. HIGHEST AND BEST OFFER

A. The Trustee's determination that the Agreement constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Trustee's business judgment. The Agreement constitutes the highest and best offer for the Assets and will provide a greater recovery for the bankruptcy estate than would be provided by any other available alternative. During the hearing, the Court provided an opportunity for other persons to make higher and better offers and none were forthcoming.

B. The Agreement represents a fair and reasonable offer to purchase the Assets under the circumstances of this chapter 11 case.

C. Approval of the Motion and the Agreement, and the consummation of the transactions contemplated thereby, is in the best interests of the Debtor, its estate, their creditors, and other parties-in-interest.

D. The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

## V. NO FRAUDULENT TRANSFER

A. The consideration provided by the Buyer pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Acquired Assets, and (iii) constitutes reasonably

equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and Bankruptcy Code § 548) under the laws of the United States, and the State of Arizona.

B. The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States or the State of Arizona. The Agreement is not entered into fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

## VI. NO CONTINUATION OF DEBTOR

A. The Buyer is not a mere continuation of the Debtor or its estate. The Buyer is not holding itself out to the public as a continuation of the Debtor.

B. The Buyer is not a successor to the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtor.

## VII. VALIDITY OF TRANSFER

A. The Trustee has the power and authority to execute and deliver the Agreement and all other documents contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Trustee to consummate the Sale and the Agreement and the transactions contemplated thereby.

B. The transfer of each of the Assets to the Buyer will be, as of the Closing Date (as defined in the Agreement) a legal, valid, and effective transfer of such assets, and vests or will vest the Buyer with all right, title, and interest of the Debtor to the Assets free and clear of all liens, claims, encumbrances, and other interests accruing, arising or relating thereto any time prior to the Closing Date.

C. In accordance with the term of the Agreement, the transfer of the assets is "as is, where is" with all faults and with no representations or warranties of any nature or kind.

D.

## VIII. BANKRUPTCY CODE SECTION 363(f) IS SATISFIED

A. The conditions of Bankruptcy Code § 363(f) have been satisfied in full. The Trustee

may sell the Assets in accordance with the Agreement free and clear of all liens, claims, encumbrances, and other interests in or against the Debtor, its estate, or any of the Assets because, in each case, one or more of the standards set forth in Bankruptcy Code § 363(f)(l)-(5) has been satisfied.

B.  The Buyer would not have entered into the Agreement and would not consummate the transactions contemplated thereby if the Sale to the Buyer were not free and clear of all liens, claims, encumbrances, and other interests

C.  Those holders of liens, claims, encumbrances, and other interests in or against the Debtor, its estate, or any of the Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented to the Sale pursuant to Bankruptcy Code § 363(f)(2). Subject to the terms and conditions of this Order, those holders of such liens, claims, encumbrances, and other interests who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having their liens, claims, encumbrances, and other interests, if any, in each instance in or against the Debtor, its estate, or any of the Assets, attach to the cash proceeds, of the Sale ultimately attributable to the Assets in which such creditor alleges an interest, in the same priority, with the same validity, force, and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto. All other objections are hereby overruled.

## IX. ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS AND ASSIGNED LEASES

A.  The assumption and assignment of executory contracts and leases shall be resolved by further court order upon agreement between the Buyer and contracting party regarding assumption or further motion(s) made in accordance with Bankruptcy Code Section 365, Fed.R.Bankr.P. 6006, and applicable local rules regarding non-consensual assumption and assignment and/or rejection of such contracts. Buyer shall proceed promptly to provide required notice under the Agreement of all contracts and leases it intends to assume, and finalize such decisions and file appropriate papers related thereto no later than the Closing under the Agreement.

## X. COMPELLING CIRCUMSTANCES FOR AN IMMEDIATE SALE

A.  Good and sufficient reasons for approval of the Agreement and the Sale have been

articulated. The relief requested in the Motion is in the best interests of the Debtor, its estate, their creditors, and other parties-in-interest. The Trustee has demonstrated good, sufficient, and compelling circumstances for the Sale pursuant to Bankruptcy Code § 363(b) before, and outside of a plan of liquidation in that, among other things, the immediate consummation of the Sale to the Buyer is necessary and appropriate to maximize the value of the estate and the Sale will provide the means for the Trustee to maximize creditor recoveries.

B. To maximize the value of the Assets and preserve the viability of the business to which the Assets relate, it is essential that the Sale occur within the time constraints set forth in the Agreement. Time is of the essence in consummating the Sale.

C. Given all of the circumstances of this Chapter 11 case and the adequacy and fair value of the Purchase Price (as defined in the Agreement), the proposed Sale constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

D. The consummation of the Sale and the assumption and assignment of the Assigned Contracts and Assigned Lease are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

The Motion is granted to the extent provided herein.

**A.** **<u>Approval of the Agreement</u>**

1) The Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved as set forth herein.

2) Pursuant to Bankruptcy Code §§ 363(b) and 363(f), the Trustee is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, (b) close the Sale as contemplated in the Agreement and this Order, and (c) execute and deliver, any and all additional instruments and documents that may be reasonably necessary or appropriate to implement the Agreement and close fully the transactions contemplated by the Agreement. The Buyer shall not be required to seek or

obtain relief from the automatic stay under Bankruptcy Code § 362 to enforce any of its remedies under the Agreement or any other Sale related document. The automatic stay imposed by Bankruptcy Code § 362 is modified to the extent necessary to implement the preceding sentence and the other provisions of this Order.

3) This Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, any holders of liens, claims, encumbrances, and other interests, in or against or on all or any portion of the Assets (whether known or unknown), the Buyer and all successors and assigns of the Buyer, and other parties-in-interest. This Order and the Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Buyer, and the respective successors and assigns of each of the foregoing.

**B.** **Transfer of the Acquired Assets**

1) Pursuant to Bankruptcy Code §§ 105(a), 363(b), and 363(f), the Trustee is authorized to transfer the Assets to the Buyer on the Closing Date in accordance with the Agreement, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Assets and shall vest the Buyer with title to the Assets free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, including successor or successor-in-interest liability, with all such liens, claims, encumbrances, and other interests to attach to the net cash proceeds, if any, ultimately attributable to the property against or in which such liens, claims, encumbrances, and interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, that such liens, claims, encumbrances, and other interests now have in or against the Assets, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

2) Except as expressly permitted or otherwise specifically provided by the Agreement or this Order, all entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Assets to the Buyer in accordance with the Agreement. On the Closing Date, each of the estate's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary, or requested by the Buyer, to release any liens,

claims, encumbrances, and other interests in or against the Assets as such liens, claims, encumbrances, and other interests may have been recorded or may otherwise exist.

3) If any person or entity that has filed statements or other documents or agreements evidencing liens, claims, encumbrances, and other interests in or against all or any portion of the Assets shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens, claims, encumbrances, and other interests which the person or entity has or may assert with respect to all or any portion of the Assets, the Trustee is hereby authorized and directed, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.

4) On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the estate's interests in the Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

5) A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens, claims, encumbrances, and other interests of record.

6) This Order is and shall be effective as a determination that, on the Closing Date, all liens, claims, encumbrances, and other interests of any kind or nature whatsoever existing as to the Assets prior to the Closing Date shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected. This Order is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to any lease. Further, each of the foregoing entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

7) All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Assets to the Buyer in accordance with the terms of the Agreement and this Order.

8) The Assets transferred under the Agreement shall include all assets as set forth in the Agreement, and certain specific assets as to which the Court heard objections, including:

(a) Phone numbers that are property of the estate; and

(b) All non-compete obligations under employment contracts.

## C. Prohibition of Actions Against the Buyer

1) Except as otherwise expressly provided for in this Order or the Agreement, the Buyer shall not have any liability or other obligation of the Debtor arising under or related to any of the Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, the Buyer shall not be liable for any Claims against the Debtor or any of its predecessors or affiliates, and the Buyer shall not have successor or vicarious liabilities of any kind or character, including under any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the Closing Date.

2) Except as otherwise expressly provided for in this Order or the Agreement, all persons and entities, including all debt holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding liens, claims, encumbrances, and other interests of any kind or nature whatsoever in or against all or any portion of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-

contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Assets to the Buyer in accordance with the Agreement, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, its successors or assigns, their property, or the Assets, such persons' or entities' liens, claims, encumbrances, and other interests in or against the Assets, including the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, its successors, assets, or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, its successors, or their assets or properties; (iii) creating, perfecting, or enforcing any liens, claims, encumbrances, and other interests against the Buyer, its successors, their assets, or their properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer or its successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Assets or conduct any of the businesses operated with the Assets.

3) All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Assets to the Buyer in accordance with the terms of the Agreement and this Order.

**D.    Miscellaneous Provisions**

1) Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (i) this Chapter 11 case (including any order dismissing the Debtor's chapter 11 cases), (ii) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (iii) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

2) Pursuant to Bankruptcy Rules 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Trustee and the Buyer are authorized to close the Sale

immediately upon entry of this Order.

3) No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

4) The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

5) The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

6) The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which the Debtor are a party or which has been assigned by the Debtor to the Buyer in accordance with the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including retaining jurisdiction to (a) compel delivery of the Assets to the Buyer in accordance with the Agreement; (b) interpret, implement, and enforce the provisions of this Order; (c) protect the Buyer against any liens, claims, encumbrances, and other interests in or against the Debtor or the Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under Bankruptcy Code §§ 363 and 365 with respect to the Assigned Contracts and Assigned Leases.

7) The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, and to distribute proceeds from the sale to secured creditors JP Morgan Chase, Ford Motor Credit, and to holders of certain administrative priority

1 | claims and approved interim administrative fee claims.

2 |     8)     All time periods set forth in this Order shall be calculated in accordance with
3 | Bankruptcy Rule 9006(a).

4 |     9)     To the extent that this Order is inconsistent with the Agreement or any prior order or
5 | pleading with respect to the Sale Motion in this Chapter 11 case, the terms of this Order shall govern.

**\*\* DATED AND SIGNED ABOVE**