# LIQUIDATION TRUST AGREEMENT AND

# DECLARATION OF TRUST

This Liquidation Trust Agreement and Declaration of Trust (the "Agreement") is entered into as of the Effective Date, by and among the Debtor Phoenix Heliparts, Inc. (now substantively consolidated with Phoenix Heli Support, L.L.C.) by its Chapter 11 Trustee, Louie Mukai, and Louie Mukai, as trustee of this Liquidation Trust (the "Liquidation Trustee"), for the benefit of the Beneficiaries.

RECITALS

A. The *Chapter 11 Trustee's First Amended Liquidation Plan* Filed May 2, 2016 (the "Plan") filed in the Phoenix Heliparts, Inc Chapter 11 Case No. 2:15-bk-12003-DPC (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") has been confirmed by the Bankruptcy Court. Under the Plan, certain assets are transferred to a Liquidation Trust for the benefit of certain administrative claimants and classes of creditors as provided in the Plan..

B. On _____ 2016, the Bankruptcy Court entered its Order confirming the Plan (the "Confirmation Order"). Copies of the Plan and the Confirmation Order are attached hereto as Exhibits "A" and "B" respectively, and the Plan and the Confirmation Order are incorporated into this Agreement by this reference.

C. Pursuant to Section VII. thereof, the Plan provides for the creation of the Liquidation Trust and the irrevocable transfer and assignment to the Liquidation Trust of all of the remaining assets of the Debtor as described in the Plan ("Trust Assets").

D. The primary purpose of the Liquidation Trust is to: (i) oversee and direct the liquidation of the Trust Assets for the benefit of the Beneficiaries thereunder; and (ii) distribute any proceeds of the Trust Assets received by the Liquidation Trust to the Beneficiaries pursuant to the terms of the Plan.

E. The Liquidation Trustee shall also act as Estate Representative, and, in such capacity, shall be responsible for the administration of the Disputed Claims.

F. The Liquidation Trust will be operated with no objective to continue and engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve the

{00053691.000}\0067463}.DOCX / 2}.1

QB\39900383.2

liquidation value of the Trust Assets, and consistent with the Liquidation purpose of the Liquidation Trust.

G.  The Liquidation Trust is intended to qualify as a "grantor trust" for federal income tax purposes and the Liquidation Trustee shall operate and maintain the Liquidation Trust in compliance with the guidelines for Liquidation Trusts as set forth in Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Section 1.671-4(a) and all subsequent guidelines regarding Liquidation Trusts issued by the Internal Revenue Service.

## 1. ORGANIZATION: ESTABLISHMENT OF THE LIQUIDATION TRUST

1.1. Name. The Liquidation Trust shall be known as the "Phoenix Heliparts Liquidation Trust," in which name the Liquidation Trustee may conduct the affairs of the Liquidation Trust.

1.2. Incorporation of Plan.    The Plan and Confirmation Order are incorporated into this Agreement. In the event of any conflict between the Plan and this Agreement, the Plan will control and govern. In the event of any conflict between the Confirmation Order and the Plan or this Agreement, the Confirmation Order will control and govern.

1.3. Declaration and Establishment of Liquidation Trust.   For good and valuable consideration, the receipt of which is hereby acknowledged by the undersigned, and pursuant to the Plan, as of the Effective Date, the Debtor are deemed to have executed this Agreement and, pursuant to the Plan and this Agreement, hereby establish the Liquidation Trust and irrevocably transfer, absolutely assign, convey, set over, and deliver to the Liquidation Trustee, and its successors and assigns, all of their right, title and interest in and to the Trust Assets in trust to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan. The Liquidation Trustee shall have all the rights, powers and duties set forth in the Plan and this Agreement and available under applicable law for accomplishing the purposes of the Liquidation Trust. The Liquidation Trustee is hereby authorized to file with the Secretary of State of the State of Arizona and any other governmental authorities any documents necessary or helpful to establish the Liquidation Trust

1.4. Title to Liquidation Trust Assets,

QB\39900383.2

{00005369.000}/00674633.DOCX/ 2/2

a) The transfer of the Trust Assets to the Liquidation Trust shall be made by the Debtor for the benefit and on behalf of the Beneficiaries. Upon the transfer of the Trust Assets, the Liquidation Trustee shall succeed to all of the Debtor' right, title and interest in the Trust Assets and the Debtor will have no further interest in or with respect to the Trust Assets or this Liquidation Trust. Except as otherwise provided in the Plan, this Agreement or the Confirmation Order, upon the Effective Date of the Plan, title to the Trust Assets shall pass to the Liquidation Trust free and clear of all Liens, claims and interests of any person in accordance with Sections 363(f), 1123, 1141 and 1146(c) of the Bankruptcy Code.

b) For United States federal and applicable state income tax purposes, the transfer of the Trust Assets to the Liquidation Trust pursuant to and in accordance with the Plan shall be reported as a disposition of the Trust Assets directly to and for the benefit of the Beneficiaries immediately followed by a contribution of the Trust Assets by the Beneficiaries to the Liquidation Trust for the benefit of the Beneficiaries. The Beneficiaries will be treated as the grantors and deemed owners of the Liquidation Trust.

c) To the full extent permitted by law, all rights under (i) Section 363(h) of the Bankruptcy Code and (ii) Section 365 of the Bankruptcy Code (including without limitation Section 365(f) thereof) are preserved for the benefit of the jointly administered Estate and its Creditors, and may be exercised by the Liquidation Trustee with the approval of the Bankruptcy Court.

1.5. Assignment and Assumption of Certain Liabilities. In accordance with Section 1 hereof, the Debtor hereby irrevocably transfer, assign and convey the Trust Assets to the Liquidation Trust, and the Liquidation Trustee on behalf of the Liquidation Trust hereby assumes and agrees that all such Trust Assets are being transferred to the Liquidation Trust subject to the following liabilities, if any, that arise out of or relate to any known or unknown claim (as such term is defined in Section 101(5) of the Bankruptcy Code) or causes of action against the Debtor or their respective Estates:

a) all fees payable pursuant to Section 1930 of title 28 of the United States Code until such time as the Bankruptcy Court enters a final decree closing each Debtor's

QB\39900383.2

Chapter 11 Case;

b) any expenses incurred and unpaid, or to be incurred, by the Liquidation Trustee in the performance of its administrative duties in respect of the winding up of the Debtor' Estates, including the filing of final tax returns. For the avoidance of all doubt, in no event shall the Liquidation Trustee pay any tax liability for any member, shareholder or owner of a business entity (as defined in Reg. 301.7701-2(a)) that is disregarded as an entity separate from its owner for Federal tax purposes.

c) any obligations owing by the Trust pursuant to the Plan and unpaid (including, without limitation, obligations incurred after the Confirmation Date and the fees and expenses of professionals thereunder); but specifically excluding any Claims which have been barred or discharged pursuant to the Plan.

1.6. Appointment of Liquidation Trustee. Louie Mukai is hereby appointed the Liquidation Trustee, effective as of the date of this Agreement, provided that if Louie Mukai shall be unable to accept the position of Liquidation Trustee or thereafter if a successor trustee is required, then a replacement Liquidation Trustee shall be appointed upon (a) motion to the Bankruptcy Court by any party in interest and (b) the confirmation of such appointment by the Bankruptcy Court.

2. BENEFICIARIES

2.1. Allocation of Interests; Register.

a) Allocation of Interests. Each Beneficiary hereunder shall receive uncertificatedinterests in the Liquidation Trust, which interests shall be allocated pro rata in accordance with the distribution(s) under the Plan to each Beneficiary.

b) Register. The Liquidation Trustee shall cause to be kept a register (the "Register") in which the Liquidation Trustee shall at all times maintain the names, physical and e-mail addresses, and interests of the Beneficiaries.

2.2. Rights of Beneficiaries. Each Beneficiary will be entitled to participate in the rights due to a Beneficiary hereunder. Each Beneficiary shall take and hold its uncertified beneficial interest subject to all of the terms and provisions of this Agreement and the Plan. The interest of a Beneficiary of the Liquidation Trust is in all respects personal

{00005369.000}{00674653.DOCX/ 2}4

QB\39900383.2

property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's interest shall pass to the legal representative of such Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of this Agreement. A Beneficiary shall have no title to, right to, possession of, management of, or control of, the Trust Assets except as expressly provided in this Agreement or the Plan. Title to all the Trust Assets shall be vested in the Liquidation Trustee, and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Agreement.

2.3. Limit on Transfer of Interests of Beneficiaries.

a) The interest of a Beneficiary in the Liquidation Trust shall be transferable, upon reasonable notice to, and subject to any reasonable limitations that may be placed thereon by the Liquidation Trustee, provided , however, that:

    i. Beneficiaries may transfer their uncertificated interests in the Liquidation Trust only in their entirety, and may not transfer fractional portions thereof; and

    ii. the Liquidation Trustee need not reflect any transfer (or make any distribution to any transferee) and will give notice to such Beneficiary that no transfer has been recognized in the event the Liquidation Trustee reasonably believes that such transfers (or the distribution to such transferee) may constitute a violation of applicable laws or might cause the Liquidation Trust to be required to register beneficial interests under the Securities Exchange Act of 1934, as amended.

b) Prior to any transfer, assignment, hypothecation, pledge, exchange or conveyance of a beneficial interest in the Liquidation Trust (each, a "Transfer"), the transferring Beneficiary shall submit to the Liquidation Trustee a duly endorsed assignment of the beneficial interest to be transferred (in a form reasonably acceptable to the Liquidation Trustee) together with the service charge, if any, to be specified by the Liquidation Trustee pursuant to this subsection (b). No such Transfer shall be effected until, and the transferee shall succeed to the rights of a Beneficiary only upon, final acceptance and registration of the Transfer by the

Liquidation Trustee in the Register. Prior to the registration of any Transfer by a Beneficiary, the Liquidation Trustee shall treat the entity in whose name the beneficial interest is registered as the owner for all purposes, and the Liquidation Trustee shall not be affected by notice to the contrary. When a request to register the Transfer of a beneficial interest is presented to the Liquidation Trustee, the Liquidation Trustee shall register the Transfer as requested if the requirements for Transfers hereunder are met. The Liquidation Trustee shall charge a service charge in an amount sufficient to cover the expenses of the Liquidation Trustee and its agents and any tax or governmental charge that may be imposed on any Transfer of a beneficial interest. Failure of any Beneficiary to comply with these provisions shall void any transfer of the related beneficial interest, and the proposed transferee shall have no rights under this Agreement. Upon the Transfer of a transferring Beneficiary's entire beneficial interest in the Liquidation Trust as evidenced by the Register, such transferring Beneficiary shall have no further right, title or interest in the Trust Assets or the Liquidation Trust.

2.4. No Legal Title in Beneficiaries. No Beneficiary shall have legal title to any part of the Trust Assets. No transfer, by operation of law or otherwise, of the right, title and interest of any Beneficiary in and to the Trust Assets or the Liquidation Trust shall operate to terminate this Liquidation Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Trust Assets.

3. PURPOSE. AUTHORITY, LIMITATIONS, DISTRIBUTIONS AND DUTIES.

3.1. Purpose of the Liquidation Trust. The Liquidation Trust is a Liquidation Trust pursuant to which the Liquidation Trustee is to hold, liquidate and dispose of the Trust Assets in accordance with this Agreement, the Plan and Treasury Regulation Section 301.7701-4(d). Accordingly, the primary purpose of the Liquidation Trust is to liquidate and distribute the Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve the liquidation value of the Trust Assets, and consistent with the Liquidation purpose of the Liquidation Trust.

{00005369.000\00674633.DOCX / 2}6

QB\39900383.2

3.2. **Authority.** In connection with the administration of the Liquidation Trust, except as set forth in this Agreement, the Liquidation Trustee is authorized to and shall perform, in good faith, any and all acts necessary or desirable to accomplish the purposes of the Liquidation Trust, and to take such actions, in good faith, as are required in its capacity as Estate Representative. Subject to any limitations contained in, or as otherwise provided by this Agreement or in the Plan (e.g., provisions regarding "Major Decisions"), the Liquidation Trustee shall have the authority, power and obligation, in its capacity as Liquidation Trustee or as Estate Representative, as applicable, to:

hold legal title to any and all rights of the Beneficiaries in or arising from the Trust Assets, including, but not limited to, collecting any and all money and other property belonging to the Liquidation Trust and the right to vote a claim or interest in a case under the Bankruptcy Code and receive any distribution therein; perform the duties, exercise the powers, and assert the rights of a trustee under Sections 704 and 1106 of the Bankruptcy Code, including, without limitation, objecting to Claims and Disputed Claims, commencing, prosecuting, or settling Causes of Action, and Claims' objection proceedings, enforcing contracts, and asserting claims, defenses, offsets, and privileges;

a) protect and enforce the rights to the Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

b) establish and maintain any necessary reserves pursuant to the terms of the Plan and such other reserves as the Liquidation Trustee deems necessary in its reasonable judgment;

c) file or cause to be filed, if necessary, any and all tax and information returns, and any other statements or disclosures relating to the Liquidation Trust that are required to be filed by any governmental unit with respect to the Liquidation Trust, and withhold and pay taxes properly payable by the Liquidation Trust, if any;

d) determine and satisfy any and all liabilities created, incurred or assumed by the Liquidation Trust;

QB\39900383.2
{00053690000/00574633.DOCX / 27}

e)  execute offsets against Claims as provided for in the Plan;

f)  pay all expenses and make all other payments relating to the Trust Assets, including without limitation the reasonable fees and expenses of the Liquidation Trustee hereunder subject to the limitations of Section 4.5 hereof;

g)  pay all fees payable pursuant to Section 1930 of title 28 of the United States Code until such time as the Bankruptcy Court enters a final decree closing each Debtor's Chapter 11 Case;

h)  take or refrain from taking any action the Liquidation Trustee reasonably deems necessary to protect, preserve and maximize the Trust Assets;

i)  enter into contracts in the course of operating the Trust Assets or in conjunction with their disposition under the Plan;

j)  manage, sell and convert all or any portion of the Trust Assets to Cash;

k)  make distributions as specified in the Plan and in Section 3.3 below;

l)  invest Cash in demand and time deposits, such as short-term certificates of deposit, in banks and other savings institutions, or other temporary, liquid investments, such as treasury bills, as further provided in Section 345 of the Bankruptcy Code, provided, however, that any such investment shall be consistent with the Liquidation Trust's status as a Liquidation Trust within the meaning of Treasury Regulations Section 301.7701-4(d) and in accordance with Rev. Proc. 94- 45, 1994-2 C.B. 684;

m)  release, convey or assign any right, title or interest in or about the Trust Assets or any portion thereof;

n)  open and maintain bank accounts and deposit funds and draw checks;

o)  engage, have or pay such attorneys, accountants, engineers, agents, tax specialists, financial advisors, appraisers, other professionals, and clerical and staff assistance as may, in the discretion of the Liquidation Trustee, be deemed necessary to fulfill its duties under the Plan;

p)  in compliance with Section 4.4 hereof, sue and be sued in the name of the Liquidation Trustee and file or pursue objections to Claims and Causes of Action, and seek to settle or disallow any of them, and compromise, adjust, arbitrate, sue

QB\39900383.2

on or defend, pursue, prosecute, abandon, or otherwise deal with any Cause of Action in favor of or against the Liquidation Trust as the Liquidation Trustee shall deem advisable;

q) enforce, waive or release rights, privileges or immunities of any kind;

r) in general, without in any manner limiting any of the foregoing, deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any entity owning the same to deal therewith, whether similar to or different from the ways herein specified;

s) request any appropriate tax determination with respect to the Liquidation Trust, including, without limitation, a determination pursuant to Section 505 of the Bankruptcy Code;

t) seek the examination of any entity under, and subject to, the provisions of Bankruptcy Rule 2004;

u) pay obligations or expenses of, or relating to, the Trust Assets when the Liquidation Trustee, considering the purposes, terms, distributional requirements and other circumstances of the Plan, deems it prudent to do so to effectuate the Plan;

v) prepare and disseminate any related document that is required of an Debtor under applicable non-bankruptcy law in accordance with the Plan;

w) except as may be limited by Section 3.8 hereof, refinance or modify any existing encumbrance on all or any portion of the Trust Assets which the Liquidation Trustee reasonably deems to be desirable to protect, preserve or maximize the Trust Assets;

x) abandon any property which it determines in its reasonable discretion, after taking into account the potential expense, delay and uncertainty of any litigation, to be of de minimis value or otherwise burdensome to the Liquidation Trust, including, without limitation, any pending adversary proceeding, Causes of Action or other legal action;

y) except as otherwise set forth in this Agreement or in the Plan, and subject to the Treasury Regulations governing Liquidation Trusts and the retained jurisdiction of

QB\39900383.2
{00053691.001/00574631.DOCX/ 2}

the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Liquidation Trustee shall be entitled to seek such orders, judgments, injunctions and rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions, of the Plan; and

z) take such other actions as may be necessary or helpful to accomplish the purposes of the Plan, including, without in any manner limiting any of the foregoing, dealing with the Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any entity owning the same to deal therewith, whether similar to or different from the ways herein specified. No entity dealing with the Liquidation Trust shall be obligated to inquire into the authority of the Liquidation Trustee in connection with the protection, conservation or disposition of the Trust Assets.

3.3. Duties of the Liquidation Trustee and Estate Representative. Without limiting the power and obligations set forth in Section 3.2 hereof, subject to any limitation contained in, or as otherwise provided by this Agreement or in the Plan, the Liquidation Trustee, in its capacity as Liquidation Trustee or as Estate Representative, shall have the additional duties, and all requisite power and authority set forth below in this Section 3.3:

a) Distributions to Beneficiaries. the Liquidation Trustee shall make all payments required hereunder, using his own discretion as to the use of the Bankruptcy Sale proceeds or Post-Confirmation Recoveries. The Liquidation Trust shall make no distributions other than as authorized under the Paln or for any purpose other than payments to holders of Allowed Claims in Classes A, 2 and 3 hereunder.

b) Checks issued by the Liquidation Trustee with respect to Allowed Claims shall be null and void if not negotiated within three (3) months after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Liquidation Trustee by the holder of the Allowed Claim with respect to whom such check originally was issued. Any such requests shall be made on or before four (4) months of the date of issuance of the particular check. After such date, all Claims in respect of void checks shall be discharged and forever barred.

{00053893.000/00674853.DOCX/ 2}10

QB\39900383.2

c)   Timing of Distributions. Within thirty (30) days following the Effective Date and on each successive anniversary of the Effective Date, or as soon thereafter as practicable, and upon such other occasions as is determined to be advisable by a Major Decision of the Liquidation Trustee and the Liquidation Committee Members, the Liquidation Trustee shall make distributions from the Trust to the Beneficiaries of available Cash, less any reserves, in accordance with the priorities set forth in the Plan.

d)   Disbursing Agent.    The Liquidation Trustee, or its designee, shall act as the disbursing agent under the Plan and shall establish such account or accounts as may be required to effectuate payments and distributions as provided for in the Plan.

e)   Distributions from and to Disputed Claims. The Liquidation Trustee shall retain appropriate reserves, to the extent monies are available to do so, with respect to Disputed Claims until they are either Allowed Claims or disallowed by a Final Order of the Bankruptcy Court, and such other reserves as the Liquidation Trustee deems necessary in its reasonable judgment.

f)   Maintenance of Distribution Lists.    The Liquidation Trustee shall maintain separate records of the names and addresses of all Holders of Allowed Claims and all Holders of Disputed Claims. The Liquidation Trustee may rely upon this record for the purposes of delivering distributions or notices. In preparing and maintaining this record, the Liquidation Trustee ma y rely on the name and address of each Holder set forth in the Bankruptcy Schedules, any Orders of the Bankruptcy Court or set forth in a proof of claim filed by such Holder in the Chapter 11 Case.

g)   Maintenance of Proceeds and Cash.   The Cash collected subsequent to the Effective Date and Cash to be reserved by the Liquidation Trustee shall be maintained by the Liquidation Trustee in interest-bearing bank accounts, deposits or as permissible under Section 345 of the Bankruptcy Code.

h)   Reports to Beneficiaries. The Liquidation Trustee shall provide such reports as are described in Section 7 hereof.

QB\39900383.2

{00053093.000/00674653.DOCX/ 2}11

i)   Tax Returns.

    i.   The Liquidation Trustee shall cause the timely preparation, distribution and/or filing of any necessary tax returns and other documents or filings as required by applicable law (including but not limited to (a) those pursuant to Treasury Regulation 1.671-4(a), including, without limitation, Form 1041 and separate statements attached thereto; and (b) pertaining to the Liquidation Trust by virtue of its existence and operations.   The Liquidation Trust's taxable income, gain, loss, deduction or credit will be allocated to the Beneficiaries in accordance with their relative beneficial interests in the Liquidation Trust.

    ii.   In accordance with the Plan, all holders of beneficial interests in the Liquidation Trust shall report, for tax purposes, consistent with the foregoing.

    iii.   The Liquidation Trustee shall pay out of the Trust Assets, any taxes imposed on the Liquidation Trust or the Trust Assets.  For the avoidance of all doubt, in no event shall the Liquidation Trustee pay any tax liability for any member, shareholder or owner of a business entity (as defined in Reg. 301.7701-2(a)) that is disregarded as an entity separate from its owner for Federal tax purposes (a "disregarded entity").

    iv.   The Liquidation Trustee shall be authorized to, and shall, exercise all powers regarding the Debtor's tax matters, to the same extent as if the Liquidation Trustee were the debtor in possession. The Liquidation Trustee shall complete and file as soon as possible, to the extent not previously filed, any outstanding and any final federal, state, and local tax returns of any Debtor including Forms 1065 or 1120S, or similar forms as applicable for all disregarded entities, and issue K-l's as applicable. The Liquidation Trustee may request an expedited determination of any unpaid tax liability of the Debtor under Section 505(b) of the Bankruptcy Code for all tax periods of the Debtor ending after the Petition Date through the liquidation of the Debtor as determined under applicable tax laws, to the extent not previously requested.

3.4. No Implied Obligations. Except as otherwise provided in the Plan and Confirmation

QB\39900383.2

Order, no other further covenants or obligations shall be implied into this Agreement. The Liquidation Trustee shall not be responsible in any manner whatsoever for the correctness of any recital, statement, representation, or warranty herein, or in any document or instrument evidencing or otherwise constituting a part of the Trust Assets.

3.5. Unknown Property and Liabilities. The Liquidation Trustee shall be responsible for only that property delivered to it, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

3.6. Limitation of Trustee's Authority.

a)  Notwithstanding anything herein to the contrary, the Liquidation Trustee, acting in either its capacity as Liquidation Trustee or as Estate Representative, other than to the extent necessary to preserve the liquidation value of the Trust Assets, shall not and shall not be authorized to engage in any trade or business, and shall take such actions consistent with the orderly liquidation of the Trust Assets as are required by applicable law, and such actions permitted hereunder.

b)  Notwithstanding anything herein to the contrary, the Liquidation Trustee, acting in either its capacity as Liquidation Trustee or as Estate Representative, shall not pursue causes of action outside the scope of, or which are unrelated to, the Trust Assets.

c)  The Liquidation Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes, or have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the Trust Assets.

d)  The Liquidation Trustee shall not facilitate the development of an active trading market for the beneficial interests in the Liquidation Trust, nor encourage any other entity to do so (including without limitation taking steps to list such interests on any national securities exchange or on NASDAQ, engaging the services of a market maker, placing any advertisements in the media promoting investment in the Liquidation Trust, or collecting or publishing information about prices at

QB\39900383.2

which such interests may be transferred).

    e)    The Liquidation Trustee acknowledges that a breach of this Section 3.6 could severely impact the value of the interests of the Beneficiaries and the Liquidation Trustee shall apply great care to comply with the requirements of this Section 3.6.

3.7. Compliance with Laws. Any and all distributions of Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

3.8. Special Limitations for Major Decisions. Pursuant to the Plan, the Creditors' Committee and TKCA may each designate one person as a Liquidation Committee Member under this Agreement. The Liquidation Trustee has all authority for managing the affairs of the Trust as set forth in this Agreement, except as to Major Decisions as defined herein and shall consult with the Liquidation Committee Members regarding Major Decisions and such other matters as the Liquidation Trustee chooses or a Liquidation Committee Member requests. The Liquidation Trustee and the Liquidation Committee Members shall meet within thirty days following the Effective Date and not less than annually thereafter, to discuss the financial condition of the Trust, appropriate reserves and establish a budget for the upcoming twelve-month period. A Major Decision requires the majority consent of the Liquidation Trustee and Liquidation Committee Members. Absent majority consent, consenting Liquidation Committee Member or Liquidation Trustee shall be entitled to seek court intervention, after notice to the Liquidation Trustee and each Liquidation Committee Member, and a hearing, to obtain approval of a Major Decision. Except as set forth in this Section 3.8, no Liquidation Committee Member shall have any express or implied authority, obligation or benefit under this Agreement or pertaining to the Trust or the Trust Assets (except with respect to benefits as a Beneficiary). Under no circumstances shall a Liquidation Committee Member or its agents or professionals be compensated from the Trust Assets for services relating to the Trust or this Agreement.

    a)    Court Approval. Notwithstanding anything contained in this Agreement, the Plan, or the Confirmation Order, the Liquidation Trust must seek Court approval of any compromise of a Claim or cause of action involving an amount in

controversy that exceeds $100,000 on its face.

b) Major Decisions. "Major Decisions" that require the majority consent of the Liquidation Committee Members and the Liquidation Trustee comprise the following: (1) buying, selling, leasing, borrowing money, and/or granting liens or other encumbrances on trust estate property, (3) pursuing, compromising, or settling causes of action in favor of the trust estate in excess of $100,000 on its face, and (4) compromising or settling claims against the trust estate in excess of $100,000 including, proofs of claimNothing contained in the Plan, the Confirmation Order, or this Agreement prohibits any member of the Liquidation Committee or the Liquidation Trustee from bringing an issue or dispute to the attention of the Court, including any dispute regarding the decisions of the Liquidation Trustee and/or the Liquidation Committee.

## 4. THE LIQUIDATION TRUSTEE

### 4.1. Generally.

a) The Liquidation Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidation Trust and not otherwise, except that the Liquidation Trustee may arrange for payment of its reasonable fees and expenses from the Trust Assets as limited and permitted herein.

b) The provisions of this Agreement relating to the Liquidation Trust are intended to create a trust and a trust relationship and are to be governed and construed in all respects as a trust. The Liquidation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Liquidation Trustee or Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiaries to the Liquidation Trust and the Liquidation Trustee shall be solely that of beneficiaries of a trust to a trust and its trustee and shall not be deemed a principal and agency relationship, and the rights of the Beneficiaries shall be limited to those conferred upon them by this

{00053897.000/00674653.DOCX / 2}15
QB\39900383.2

Agreement.

4.2. **Manner of Acting.** The Liquidation Trustee shall oversee the liquidation of the Trust Assets in good faith and in a cost-effective manner in a reasonable time, with due regard for the risk that undue litigation may minimize the liquidation proceeds. The Liquidation Trustee shall make continuing efforts to dispose of the Trust Assets, make timely distributions and not unduly prolong the duration of the Liquidation Trust. In overseeing the selling of the Trust Assets, or otherwise monetizing them, the Liquidation Trustee shall use its best efforts to maximize the amount of the proceeds derived therefrom. The liquidation of the Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or Causes of Action, or otherwise subject to the terms of the Plan. The Liquidation Trust shall hold any and all proceeds generated from such Trust Assets. The Liquidation Trustee may incur any reasonable and necessary expenses in liquidation the Trust Assets.

4.3. **Status of Liquidation Trustee.** The Liquidation Trustee shall be the representative of the Estates within the meaning of Section 1123(b)(3)(B) of the Bankruptcy Code and shall have the rights and powers provided for in the Bankruptcy Code in addition to any rights and powers granted in this Agreement and in the Plan (acting in such capacity, the "Estate Representative").

4.4. **Causes of Action:** Subject to the provisions of 3.8 (b) the Liquidation Trustee, in its capacity as Estate Representative, shall have discretion to pursue or not to pursue any and all Causes of Action, as it determines are in the best interests of the Beneficiaries and consistent with the specific authority of the Liquidation Trust, and shall have no liability for the outcome of its decision. With respect to any Cause of Action, the Liquidation Trust and the Liquidation Trustee shall be bound by, and shall give effect to, any release, exculpation, waiver, estoppel or injunction, including, without limitation, any of the foregoing, provided by the Plan or the Confirmation Order,

4.5. **Compensation and Reimbursement of Liquidation Trustee and Professionals.**

a) The Liquidation Trustee shall be compensated for services in the administration of the Liquidation Trust and, in its capacity as Estate Representative, the

{00053B9.000/00674833.DOCX/ 2}16
QB\39900383.2

administration of the Debtor' Estates, at hourly rates of $0 to $350.

b) Any professionals retained by the Liquidation Trustee will be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such professional or entity on an hourly basis, at the standard billing rates in effect at the time of service, or such other hourly rate that is reasonable. All reasonable out-of-pocket expenses incurred by such professionals retained by the Liquidation Trustee will be reimbursable as an expense of the Liquidation Trust.

4.6. Tenure, Removal, and Replacement of the Liquidation Trustee. The authority of the Liquidation Trustee will be effective as of the Effective Date and will remain and continue in full force and effect until the termination of the Trust (as described in Section 5.1, below) or earlier if a successor is named by action of the Bankruptcy Court. A replacement Liquidation Trustee may be named upon the death or resignation of the current Liquidation Trustee. Any Trust Beneficiary or Liquidation Committee member may file a motion seeking for cause to replace the Liquidation Trustee, and any such motion must be approved by an order of the bankruptcy court.

4.7. Continuance of Trust. The death, resignation, or removal of the Liquidation Trustee shall not operate to terminate the Trust created by this Agreement.

4.8. Discharge of Liquidation Trustee.

a) Statement of Discharge. The Liquidation Trustee shall upon termination of the Liquidation Trust render a final report (the "Final Report"), which shall contain the following information:

  i. all assets and funds of the Trust originally charged under the Liquidation Trustee's control;

  ii. a summarized accounting, in sufficient detail, of all purchases sales, gains, losses, and income in connection with the Trust during the Liquidation Trustee's term of service; and

  iii. the ending balance of all assets and funds of the Trust as of the date of discharge.

b) Approval of Statement of Discharge. The Liquidation Trustee's Final Report, shall be filed with the Bankruptcy Court along with a motion for approval of the Final

QB\39900383.2

Report and discharge of the Liquidation Trustee, and notice that any objections are due 30 days later. If approved by the Bankruptcy Court, the withdrawing Liquidation Trustee shall be discharged from all liability to the Liquidation Trust or any entity who has had or may then or thereafter have an interest in the Liquidation Trust for acts or omissions in the Liquidation Trustee's capacity as the Liquidation Trustee or in any other capacity contemplated by this Trust Agreement.

5. DURATION OF LIQUIDATION TRUST

5.1. Duration of Liquidation Trust.    The Liquidation Trust shall terminate on the later of the liquidation of all assets of the Trust and payment or distribution of all funds required to be paid under the terms of the Plan or this Agreement, or the date which is five years after the Effective Date. Notwithstanding the foregoing, the Liquidation Trustee may, if it is in the best interests of Trust Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the Liquidation Trust, extend the term of the Liquidation Trust for one or more finite periods based upon the particular facts and circumstances at that time (each, an "Extension Period"), provided that each Extension Period is requested by the Liquidation Trustee before expiration of the Liquidation Trust term (as it may then have been extended).

5.2. Continuance of Liquidation Trust for Winding Up.    After the termination of the Liquidation Trust, as it may then have been extended, and for the purpose of Liquidation and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until it has fully executed its duties pursuant to the Plan and this Agreement (including, without limitation its duties as the Estate Representative). Upon distribution of the entire Trust Assets, and unless ordered otherwise by the Bankruptcy Court, the Liquidation Trustee shall retain for a period of two (2) years the books, records, Beneficiary lists, Register, and certificates and other document and files which shall have been delivered to or created by the Liquidation Trustee. Subject to the Final Decree, at the Liquidation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years

{00053569.000/00674653.DOCX/ 2}18

QB\39900383.2

from the completion and winding up of the affairs of the Liquidation Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidation Trust, and final distribution of the entire Trust Assets, the Liquidation Trustee shall have no further duties or obligations hereunder.

6.  INDEMNIFICATION; LIMITATIONS ON LIABILITY

6.1. General Indemnification. The Liquidation Trust shall indemnify and hold harmless any entity who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such entity is or was the Liquidation Trustee or a member of the Liquidation Committee ("LC"), or an employee of the Liquidation Trust or LC, or an employee, contractor, agent, attorney, accountant or other professional for the Liquidation Trustee or LC, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent, except to the extent such liability is determined to be the result of such entity's willful misconduct, fraud or gross negligence. Costs or expenses incurred by any such entity in defending any such action, suit or proceeding may be paid by the Liquidation Trust in advance of the institution or final disposition of such action, suit or proceedings, if authorized by the Liquidation Trustee.

6.2. Limited Recourse. Except as provided in the Plan and this Agreement, no recourse shall ever be had, directly or indirectly, against the Liquidation Trustee personally or against any employee, contractor, agent, attorney, accountant or other professional retained by the Liquidation Trustee in accordance with the terms of this Agreement or the Plan, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Liquidation Trustee in implementation of this Agreement or the Plan, or by reason of the creation of any indebtedness by the Liquidation Trustee under the Plan for any purpose authorized by this Agreement or the Plan, it being expressly understood and agreed that all such liabilities, covenants,

{00053691.0001/00674653.DOCX/ 2}19

and agreements of the Liquidation Trust, whether in writing or otherwise, shall be enforceable only against and be satisfied only out of the Trust Assets or such part thereof as shall under the term of any such agreement be liable therefore or shall be evidence only of a right of payment out of the Trust Assets. Notwithstanding the foregoing, the Liquidation Trustee may be held liable for its gross negligence, fraud or willful misconduct.

6.3. Limited Liability. The Liquidation Trustee shall not be liable while acting in good faith and in the exercise of his reasonable judgment for any act he may do or omit to do as the Liquidation Trustee (in either his capacity as Liquidation Trustee or as Estate Representative), provided that the Liquidation Trustee may be held personally liable for acts or omissions constituting gross negligence, fraud or willful misconduct. Notwithstanding anything else herein to the contrary, in no event shall the Liquidation Trustee have any liability for making a determination in accordance with Section 3.2(z) hereof.

6.4. Limited Liability of the Estate Representative.    For the avoidance of doubt, the provisions of Sections 6.1, 6.2 and 6.3 hereof, to the extent applicable, shall include the Liquidation Trustee acting in its capacity as Estate Representative and the members of the Liquidation Committee acting in their capacity set forth under this Trust Agreement (whom shall have all protections under the referenced Sections as related to any vote or decisions rendered in fulfillment of their duties hereunder).

## 7. REPORTS TO BENEFICIARIES

7.1. Tax and Other Reports to Beneficiaries.

a)    Other Reporting.    The Liquidation Trustee shall prepare and file on a timely basis the quarterly    post-confirmation reports required    by Bankruptcy  Code Section 1106(a)(7) and U.S. Trustee Guidelines, and serve them on the U.S. Trustee and any entity requesting a copy in writing.

b)    Calculations; Source of Distributions.    The Liquidation Trustee shall also maintain detailed records of (i) the calculations performed by the Liquidation Trustee in respect of any distributions and disbursements made pursuant to the Plan and (ii) the accounts from which any such distributions or disbursements

QB\39900383.2
{00053569.000/00674653.DOCX/ 2}20

were made. Each report shall be sufficient to enable determination, among other things, of whether such distributions and disbursements made by the Liquidation Trustee were in compliance with the terms of the Plan.

c) Tax Reporting.   Following the end of each calendar year, the Liquidation Trustee shall promptly submit to each Beneficiary appearing in its records during such year a separate statement setting forth the information necessary for such Beneficiary to determine its share of items of income, gain, loss, deduction, or credit and will instruct each Beneficiary to report such items on its federal income tax returns (and state and local tax returns, as applicable).

## 8.   AMENDMENT AND WAIVER

8.1. The provisions of this Agreement may only be amended by action of the Bankruptcy Court after notice to Beneficiaries.

## 9.   MISCELLANEOUS PROVISIONS

9.1. Intention of Parties to Establish Liquidation Trust.     This Agreement is intended to create a Liquidation Trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

9.2. Preservation of Privilege and Defenses. To the full extent permitted by law, the Debtor will be deemed to irrevocably transfer to the Liquidation Trustee, as their legal successor, all rights of the Debtor and the Estates to exercise or waive any attorney-client privilege, accountant-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral), and the Debtor and the Liquidation Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

9.3. Effectiveness.     This Agreement shall become effective upon the Effective Date of the Plan. Counterparts. This Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

9.4. Governing Law. Except to the extent the  Bankruptcy Code or the Bankruptcy Rules

are applicable, this Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of Arizona, without giving effect to conflict-of-law principles.

9.5. Severability of Provisions.   Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provision of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

9.6. Entire Agreement. This Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Agreement, the Plan and the Confirmation Order supersede all prior agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.   Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Agreement is intended or shall be construed to confer upon or to give any entity other than the parties hereto and their respective heirs, administrators, executors, successors, or assigns any r ight to remedies under or by reason of this Agreement.

9.7. Effect of Death, Incapacity or Bankruptcy of Beneficiary. The death, incapacity or bankruptcy of a Beneficiary during the term of this Agreement shall not operate to terminate the Agreement, nor shall it entitle the representatives or creditors of the deceased Beneficiary to an accounting, or to take any action in the courts or elsewhere for the distribution of the Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any Beneficiary.

9.8. Effect of Liquidation Trust on Third Parties.   There is no obligation on the part of any purchaser or purchasers from the Liquidation Trustee or any agent of the Liquidation Trustee, or on the part of any other entities dealing with the Liquidation Trustee or any agent of the Liquidation Trustee, to see to the application of the purchase money or other consideration passing to the Liquidation Trustee or any agent of the Liquidation Trustee, or to inquire into the validity, expediency or propriety of any such transaction

QB\39900383.2

by the Liquidation Trustee or any agent of the Liquidation Trustee.

9.9. Waiver. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

9.10. Tax Identification Numbers. The Liquidation Trustee may require any Beneficiary to furnish to the Liquidation Trustee (a) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (b) such other records or documents necessary to satisfy the Liquidation Trustee's tax reporting obligation (including, but not limited to, certificates of non-foreign status). The Liquidation Trustee may condition the payment of any Distribution to any Beneficiary upon receipt of such identification number and requested documents.

9.11. Headings. The Section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

9.12. Rules of Construction. Except as otherwise expressly provided in this Agreement or unless the context otherwise clearly requires: (a) References to designated sections and other subdivisions of this Agreement, such as "Section 1.4(b)," refer to the designated Section or other subdivision of this Agreement as a whole and to all subdivisions of the designated Section or other subdivision. The words "herein," "hereof," "hereto," "hereunder" and other words and phrases of similar import refer to this Agreement as a whole and not to any particular Section or other subdivision of this Agreement. (b) Any term that relates to a document or a statute, rule, or regulation includes any amendments, modifications, supplements, replacements or any other changes that may have occurred since the document, statute, rule, or regulation came into being, including changes that occur after the date of this Agreement. (c) Any party may perform any of the requirements under this Agreement either directly or through others, and the right to cause something to be done rather than doing it directly shall be implicit in every requirement under this Agreement. Unless a provision is restricted as to time or limited as to frequency, all provisions under this Agreement are

{00053389.000/00674653.DOCX/ 2}23

QB\39900383.2

implicitly available from time to time. (d) The term "including" and ail its variations mean "including, but not limited to." Except when used in conjunction with the word "either," the word "or" is always used inclusively (for example, the phrase "A or B" means "A or B or both," not "either A or B but not both"). (e) All accounting terms used in an accounting context and not otherwise defined shall be construed in accordance with generally accepted accounting principles. (f) In the computation of a period from a specified date to a later specified date or an open-ended period, the word "from" means "from and including" and the words "to" or "until" mean "to but excluding." Likewise, in setting deadlines or other periods, "by" means "on or before," and "after" means "from and after."

10. SECTION 10. DEFINITIONS

10.1.    For purposes of this Agreement capitalized terms will have the definitions indicated. Capitalized terms not defined herein will have the meanings stated in the Plan. If there is a conflict with the definition of a term, the Plan will control.

10.2.    All terms defined in this Agreement shall have the defined meanings when used in any certificate or other document made or delivered pursuant hereto unless otherwise defined therein.

IN WITNESS WHEREOF, the Liquidation Trustee and the Trustee have duly executed this Agreement as of _____, 2016.

_____
Louie Mukai,
Chapter 11 Trustee

_____
Louie Mukai
Liquidation Trustee

Case 2:15-bk-12003-DPC    Doc 467-1    Filed 05/26/16    Entered 05/26/16 10:45:13
Desc Exhibit Trustees Liquidation Trust Agreement    Page 25 of 25

QB\39900383.2

{00053693.000/00674653.DOCX/ 2}25